IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ) ) ) Plaintiff/Counter-Defendant ) ) v. ) ) JANARD SMITH, ) ) Defendant/Counter-Claimant. ) | No. 1:23-cv-02747-DLF (Judge Friedrich) |

**JOINT STATUS REPORT**

In accordance with the Court's order dated May 31, 2024 ("Order"), the parties submit this status report concerning "(1) whether the Court should authorize discovery and on (2) the proper scope of discovery if authorized."

**Plaintiff's Position**

Plaintiff Board of Governors of the Federal Reserve System ("Board") proposes limited discovery reflecting the narrow scope of the claim and remaining controversy. The only outstanding issue noted in the Order, given the admissions in Defendant's answer, is his affirmative defense of release, rather than any controversy over the Board's case-in-chief. *Id.* at 5-7. Thus, for example, Defendant's liability to the Board does not depend on the existence of a valid contract given that Defendant admitted having been paid the funds at issue. *Id.* at 7. The Court has stated that, "[i]n view of this case's limited scope and amount in controversy, the Court does not expect that substantial discovery will be appropriate." Order at 8; *accord* 1993 cmt. to Fed. R. Civ. P. 26 (describing "government collection cases" as "cases in which discovery is rarely needed").

- 2 -

The Board therefore believes that the only discovery allowed should serve to provide the basic facts of the release defense, given that Defendant was not subject to the same notice-pleading standard as the Board, Order at 6, and therefore only had to plead "one sentence" in support of his affirmative defense, *id.* 7 (quoting *Moore v. United States*, 318 F. Supp. 3d 188, 193 (D.D.C. 2018)). The Board proposes that, at least at this time, discovery be limited to the following contention interrogatory meant to obtain the basic facts concerning Defendant's affirmative defense of release:

1. With respect to your contention that you are not liable on the basis of release:
    a. Identify all facts concerning any statement(s) which you contend released you from your obligation to pay the funds at issue in this proceeding, including the name(s) and position(s) of the Board employee(s) whom you contend made the statement(s), the form and dates of the statement(s), and the context for the statement(s);
    b. Describe the contents of any statement(s) by which such employee(s) released you from your obligation, including but not limited to any specific language that was used, what liability such statement(s) indicated would be released, and any consideration demanded for such release.

The Board proposes the following schedule for further proceedings:

1. Defendant will respond to the foregoing interrogatory no later than July 15, 2024.
2. No later than July 29, 2024, the Board will either file a motion for summary judgment or other dispositive motion addressing Defendant's defense of release, or the parties will file an additional status report proposing further proceedings.

**Defendant's Position**

Defendant plans to ask for the court to entertain a request for a scheduling order that includes discovery. The Defendant has more extensive discovery request, the Government does not agree, however, the Defendant does want to clear his name and defend his self on these allegations. The Defendant is unable to do so, without adequate discovery. Defendant will be requesting the following information:

**Document request at this time:**

**REQUEST NO. 1.** Copies of all training onboarding materials that is given to all new employees. Please specifically provide all the information in regards to the academic assistance program.

**REQUEST NO. 2.** Provide all applications from Janard Smith for the academic assistance program.

**REQUEST NO. 3.** Please provide the information and CV/resume of all individuals who are responsible for approving the applications.

**REQUEST NO. 8.** All documents evidencing communications by and between you and any witness or potential witness (lay or expert) in this suit since the Defendant no longer worked for your company.

**REQUEST NO. 10.** Provide a list of all employees in management working at this time of these allegations.

**REQUEST NO. 11.** Copies of any correspondence or written communications, including, but not limited to, letters, electronic mail, text messages, and/or social media posts, you have had with any individual, other than privilege materials, regarding the Defendant, from once he no longer worked for your company through the date of production.

**REQUEST NO. 13.** All documents relating to any oral or written agreement between you and the Defendant regarding any issue in this case.

- 4 -

**Interrogatories:**

**INTERROGATORY NO.1:** Identify each person, with personal knowledge of material facts relating to allegations in any pleading in this action and state the subject matter of the information possessed by that person. For each person provide a summary of the knowledge or information possessed.

**INTERROGATORY NO. 2:** Identify each person whom you intend to call as an expert witness at trial, state the subject matter on which the expert will be testifying, the substance of the findings and opinions to which the expert is expected to testify, summarize the qualifications of the expert, and any written reports made by the expert concerning the experts' findings.

**INTERROGATORY NO. 3:** If you intend to rely upon any Documents or other tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them.

**INTERROGATORY NO. 4:** State the factual basis, if any, for the allegations in Plaintiff's Complaint that Defendant did not check any of the boxes on Form FR 177 instructing him to indicate "other assistance received," and provide checkboxes for "Veteran," "Scholarship," and "Other", identify all persons with such personal knowledge.

**INTERROGATORY NO. 5:**   State the exact dates that Defendant purportedly submitted Form FR 177, starting on or around August 27, 2014 and ending on or around January 6, 2017 and identify all persons with personal knowledge thereof.

**INTERROGATORY NO. 6:** State the exact dates Defendant signed Form FR 177 as well as state the amounts requested, list of courses submitted for reimbursement, as well as the identity

- 5 -

of all persons with personal knowledge thereof.

**INTERROGATORY NO. 7:** If you contend that the Defendant did not comply with the academic assistance policy that governed the Federal Reserve Board's academic assistance plan with regards to financial assistance, identify the precise regulation(s), law, ordinance(s), or any other authority(ies) that you contend Defendant violated, set forth factual basis, if any, that you contend supports your contention, and identify all persons with personal knowledge.

**INTERROGATORY NO. 8:** Identify each person who processed Defendant's payments for coursework. For each person identified, describe their role in processing documents submitted by employees to the Plaintiff's academic assistance program, state the date(s) that they processed Defendant's FR 177 and related forms, identify the amount of financial assistance disbursed, and identify all person with personal knowledge.

**INTERROGATORY NO. 9:** Describe each and every complaint you have filed within the District of Columbia against a past employee of the Board of Governors of the Federal Reserve System. For each complaint, identify the date of the complaint, to whom it was directed, the identity of the person involved, and the status and disposition of the complaint.

**INTERROGATORY NO. 10:** Provide a detailed written statement indicating the amount of financial assistance Defendant allegedly received from the U.S. Department of Veteran Affairs. State the exact dates this financial assistance was received.

**INTERROGATORY NO. 11:** Provide a detailed written statement indicating the exact titles and number of credit hours of each course at Johns Hopkins University that Plaintiff allegedly offered financial assistance to Defendant.

**INTERROGATORY NO. 12:** Provide a written statement detailing the Plaintiff's financial

assistance policy showing that Defendant was required to submit a billing statement to the Board for each academic term for which he requested assistance.

**INTERROGATORY NO. 13:** Provide a written statement detailing how Defendant "never informed Board officials responsible for administering the Plan of his VA Benefits". Please list all Board officials and related individuals whom should have received such knowledge.

**INTERROGATORY NO. 14:** Explain in detail what you mean by "In December 2017, Smith first acknowledged to the Board that he received VA Benefits that he previously failed to disclose." Please provide details as to the manner in which Defendant allegedly made such acknowledgments, the exact date such alleged acknowledgements were made by the Defendant, and identify all persons whom those alleged acknowledgments were made.

**INTERROGATORY NO. 15:** Provide a written statement detailing all events that led up to the resignation of Defendant on December 22, 2017. Identify all persons with knowledge regarding his resignation.

**INTERROGATORY NO. 16:** Please provide a detailed written statement documenting how Defendant indicated that the courses for which he was requesting assistance would conclude between March 18, 2017 and May 20, 2017, which were less than a year before the date of his resignation.

**INTERROGATORY NO. 17:** Please provide a written statement enumerating how the Board performed the duties owed by it to Defendant under the academic assistance policy.

**INTERROGATORY NO. 18:** Provide a detailed written statement on how Defendant failed to perform duties owed to the Plaintiff under the Policy and how these actions constitute a breach of contract.

- 7 -

**INTERROGATORY NO. 19:**   Please provide a detailed written statement on how the Plaintiff has suffered damages. Please also specify why the Plaintiff should be entitled to pre and post judgment interest.

**INTERROGATORY NO. 20:**   Please enumerate in a detailed statement on how Defendant was unjustly enriched at the expense of the Plaintiff.

**INTERROGATORY NO. 21:**   Please enumerate in a detailed statement on how Defendant was paid by mistake under the Plaintiff's financial assistance program.

**INTERROGATORY NO. 22:**   Please provide a detailed accounting on how Defendant owes Plaintiff $42,095 and how Plaintiff has determined that Defendant would owe statutory interest and penalty on this sum accruing of the date of notice at the rates of one percent and six percent per annum, respectively.

**DEPOSITION:**

- Lawrence Dublin – Direct Supervisor.
- Kiara Bibbs – HR who advised Mr. Smith to resign.

Dated: June 14, 2024

Respectfully submitted,

 /s/ Yonatan Gelblum
Yonatan Gelblum, Senior Counsel
Nick Jabbour, Senior Counsel
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
(202) 452-2046
yonatan.gelblum@frb.gov

*Counsel for Plaintiff/Counter-Defendant*
*Board of Governors of the Federal Reserve System*

 /s/ Albert Amissah
Albert Amissah
AMISSAH & MARSH LAW FIRM
1629 K Street, N.W., Suite 300
Washington, VA 20006
(703) 655-9148
ajamissahlegal@gmail.com

*Counsel for Defendant/Counter-Claimant Janard Smith*